UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RAFAEL ANTONIO RODRIGUEZ,

        Plaintiff,

  v.

                            Case No. 23-cv-394-pp

CRIMINAL JUSTICE FACILITY,
and SAFETY BUILDING,

        Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 4) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM**

---

      The plaintiff filed this lawsuit on March 27, 2023; he was not in custody when he filed the suit. Dkt. No. 1 at 1, 14. He sued the "Criminal Justice Facility Safety Building 821 W. State Street" in Milwaukee for defamation. Id. at 1-2. On April 7, 2023, Magistrate Judge Nancy Joseph, to whom the case was assigned at that time, concluded that although the plaintiff was unable to pay the filing fee, the case should be dismissed because the plaintiff had failed to include any factual allegations about "who violated his rights, what they did, when they did it or where it happened." Dkt. No. 4 at 3. Judge Joseph explained to the plaintiff that the Criminal Justice Facility cannot be sued and that defamation and libel are state-law claims that can't be brought in a federal civil rights lawsuit under 42 U.S.C. §1983. Id. She recommended that this court dismiss the complaint without prejudice for failing to state a claim,

1

explained that the plaintiff must file any objection to her recommendation within fourteen days of service of the recommendation and warned the plaintiff that his failure to file a timely objection would result in a waiver of his right to appeal. Id. at 4. The court has not received an objection from the plaintiff, despite the fact that it has been over thirty days since Judge Joseph issued the report and recommendation; the court has not heard from the plaintiff since he filed the complaint on March 27, 2023. The clerk's office mailed Judge Joseph's order to the plaintiff at the address he provided on his complaint; that order did not come back to the court as undeliverable and the court has not received any change-of-address notice from the plaintiff. There is no indication that the plaintiff did not receive the order.

After Judge Joseph issued the order, the case was reassigned to this district court. A district court is required to conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

Because the plaintiff did not object, the court reviews Judge Joseph's order for clear error. Judge Joseph did not err in concluding that the plaintiff

2

has sued a defendant that cannot be sued for civil rights violations; §1983 allows a plaintiff to sue a "person" who violated his civil rights while acting under color of state law and the Criminal Justice Facility is a building, not a person. Nor did Judge Joseph err in concluding that defamation and libel are state law causes of action. Section 1983 does not allow plaintiffs to sue for violations of state law, only for violations of federal constitutional rights committed by persons acting under color of state law. Judge Joseph correctly concluded that the complaint does not state a claim for which this federal court may grant relief.

The court **ADOPTS** Magistrate Judge Joseph's recommendation. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**